The document below is hereby signed.

Signed: March 24, 2018



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| HIMIE M. PICKET, | ) | Case No. 18-00121 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE DEBTOR'S
MOTION TO EXTEND TIME TO TAKE CREDIT COUNSELING

The debtor filed a motion to extend the time (Dkt. No. 4) to take credit counseling.  However, 11 U.S.C. § 109(h)(1) requires a debtor to obtain credit counseling within 180 days prior to filing a petition for bankruptcy, unless the debtor meets an exemption.  The debtor has not proved that she meets an exemption for prepetition credit counseling.  Therefore, the debtor is not eligible to be a debtor in bankruptcy and the case must be dismissed.

I

The debtor filed her petition initiating this bankruptcy case on February 27, 2018.  On that same day, the debtor filed a motion to extend time to take credit counseling.  The debtor

represents that she did not receive credit counseling prior to filing for bankruptcy because she did not have the money or "mental fortitude" to do so, due to a stroke that is causing the debtor to suffer from "long period attention spans."  She states, "I will do the credit counseling as soon as I receive my social security check."  The debtor requests that the court extend the time to obtain credit counseling to some unspecified time after she receives her social security check.

                                II

The Bankruptcy Code defines who may and may not be a debtor. 11 U.S.C. § 109.  Under § 109(h)(1), a person may not be a debtor if that person has not received a certificate of credit counseling within 180 days prior to the filing of a case in bankruptcy.  There are two types of exemptions to this requirement.  Under § 109(h)(3)(A), the debtor is excused from filing a certificate of prepetition counseling if the debtor:

> submits to the court a certificate that—
>
> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made the request; and
>
> (iii) is satisfactory to the court.

Under § 109(h)(4), a debtor is exempt from filing a certificate

of prepetition credit counseling if:

> the court determines, after notice and hearing, [the debtor] is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

The debtor has not taken prepetition credit counseling; and therefore, the debtor is not eligible to be a debtor in bankruptcy unless the debtor meets an exemption. As further explained below, I find that the debtor does not qualify for a prepetition credit counseling exemption and her case must be dismissed.

### A. § 109(h)(3) Exemption

The debtor does not provide sufficient facts to conclude exigent circumstances that merit waiver of § 109(h)(1). The debtor represents that she does not have the money to take credit counseling and is "suffering from long period attention spans due to a major stroke." Insufficient funds to pay for credit counseling is not an exigent circumstance. The debtor's medical condition itself does not explain why the debtor had any exigent need to file bankruptcy when she did.

Moreover, even if the court found that the debtor's medical condition was an exigent circumstance, the debtor does not

qualify for an exemption under § 109(h)(3). The debtor is also required to show that she "requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain [credit counseling] during the 7-day period beginning on the date on which the debtor made the request." The debtor does not provide any facts to indicate that she ever requested credit counseling prior to filing for bankruptcy, let alone the fact that the credit counseling was unattainable within the 7-day period upon requesting for such counseling. Nor is the debtor's certification satisfactory to the court. Accordingly, the debtor does not qualify for a § 109(h)(3) exemption to prepetition credit counseling.

## B.  § 109(h)(4) Exemption

The debtor has not requested a hearing to determine whether she could qualify for an exemption under § 109(h)(4). Nevertheless, the debtor would not qualify for an exemption under § 109(h)(4), and a hearing would be unnecessary. The debtor is not on active military duty in a military combat zone. The debtor has not shown that she was incapacitated, which the statute defines as "the debtor is impaired by reason of mental illness or mental deficiency so that [she] is incapable of realizing and making rational decisions with respect to [her] financial responsibilities." The debtor represents that her stroke has affected her attention span, but not her ability to

realize and make "rational decisions with respect to [her] financial responsibilities." (She concedes she is able to take credit counseling once she obtains her social security check.) Finally, the debtor does not have a disability, defined by the statute as "the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1)." The debtor does not allege a physical impairment that prevents her from participating in credit counseling. Therefore, the debtor does not qualify for an exemption under § 109(h)(4).

                                III

For the aforesaid reasons, it is

ORDERED that the debtor's motion to extend time (Dkt. No. 4) is DENIED and a separate order dismissing this case will follow.

                                          [Signed and dated above.]

Copies to: Debtor by hand-mailing; e-recipients of orders.